IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRANCE LEWIS, JR. #609267, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No 3:25-cv-01411 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| STATE OF TENNESSEE, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Terrance Lewis, Jr., a former inmate of the Davidson County Sheriff's Office ("DSCO"), has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, alleging claims related to his sentence credit calculations under Tennessee law. [1] (Doc. No. 1).

## I. PRELIMINARY MATTERS

Petitioner named the State of Tennessee as Respondent. However, pursuant to 28 U.S.C. §§ 2242 & 2243, "the person who has custody" over Petitioner is the proper respondent in federal habeas corpus actions. *Rumsfeld v. Padilla*, 542 US 426, 434 (2004).

The Court's mail to Petitioner sent to his provided address has been returned on two occasions, May 11, 2026 and May 13, 2026, marked "Undelivered (Released on 02-05-26. Return to Sender, Vacant, Unable to Forward.)" (Doc. Nos. 12, 13). In his Motion to Dismiss, filed on May 14, 2026, Kenneth Nelsen states that Petitioner is a current inmate of the Riverbend Maximum Security Prison ("RMSI"). (Doc. No. 14 at 1). Petitioner's Motion to Withdraw also bears the

---

[1] The Court declines to address herein the merits of any claim that may be deemed to have been raised via the Petition, and in particular it declines to opine on whether a petition under § 2241 is an appropriate vehicle for Petitioner to challenge the computation or awarding of his sentencing credits against a state sentence.

1

return address of RMSI. (Doc. No. 16 at 1). Thus, it appears that Petitioner was transferred from the DCSO to RMSI after he initiated this action.

Kenneth Nelsen is the current warden of RMSI and is thus the proper Respondent. Accordingly, the Clerk is **DIRECTED** to substitute Warden Nelson for the State of Tennessee on the docket.

Further, the Clerk is **DIRECTED** to update Petitioner's mailing address on the docket to the address provided on page one of Doc. No. 16. Also, the Clerk is **DIRECTED** to change the inmate number in the caption of this case from Petitioner's DCSO inmate number to his TDOC inmate number, 609267, as reflected above.

## II. REVIEW OF SECTION 2241 PETITION

Respondent Nelsen has filed a Motion to Dismiss the petition, alleging that Petitioner's claims have not been properly exhausted in state court. (Doc. No. 14). Petitioner has not responded to the petition.[2]

The Motion to Dismiss is ripe for review. For the reasons set forth herein, Petitioner is not entitled to an evidentiary hearing, and the Court will grant Respondent's Motion to Dismiss.

A. <u>Background</u>

On or about June 27, 2019, Petitioner pled guilty to one count of possession with intent to sell a schedule one controlled substance, heroin, in the Criminal Court for Davidson County, Tennessee. (Doc. No. 15-1). Petitioner accepted a sentence of nine years' incarceration at thirty

---

[2] After Respondent filed his Motion to Dismiss, Petitioner filed a Motion to Withdraw his habeas petition. (Doc. No. 16). However, the motion was not signed. "Every pleading . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).[2] Thus, the Court cannot consider the unsigned motion.

percent, with all but six months to be served under community corrections. (*Id*.) Petitioner violated the terms of his community corrections, and his eight and a half years supervision was restarted on March 31, 2021. (Doc. No. 15-2). Petitioner subsequently violated his terms again and his sentence was placed into effect on August 27, 2025. (*Id*.) Petitioner's pretrial jail credits are reflected at the time of entry as follows:

1. June 27, 2019, to October 1, 2019;

2. April 20, 2020, to April 29, 2020;

3. March 10, 2021, to March 31, 2021;

4. July 14, 2022, to November 2, 2022;

5. January 9, 2023;

6. May 2, 2025 to August 27, 2025.

*Id*.

Respondent states that he has been unable to find evidence of any appellate action or administrative review sought in state court regarding either Petitioner's initial conviction or the subsequent revocation. (Doc. No. 15 at 2).

Petitioner asks the Court to "grant this Petition and award FULL [sic] credits dating back to the time start and sentencing date." (Doc. No. 5 at 2). Petitioner references Tennessee Code Annotated § 41-21-236 regarding "good behavior" credits. (Doc. No. 1 at 1).

B. Standard

28 U.S.C. § 2241 authorizes a pretrial detainee's challenge to his "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241.") (quoting *Phillips v. Ct. of C.P., Hamilton Cnty., Ohio*,

668 F.3d 804, 809 (6th Cir. 2012)). The Rules Governing Section 2254 Cases apply to habeas petitions filed under 28 U.S.C. § 2241. Rule 1(b), § 2254 Rules.

A petitioner must complete the administrative process, or at least attempt to do so, before seeking federal habeas relief under 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (although exhaustion of state remedies is not a statutory requirement under Section 2241 like it is under Section 2254, "'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'")). "Where 'it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice.'" *Melchor v. Williams*, No. 4:20-cv-1022, 2020 WL 4558458, at *1 (N.D. Ohio June 12, 2020) (quoting *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017)). Thus, a petitioner seeking federal review of his sentence calculation, such as Petitioner here, must demonstrate that he has exhausted before filing his federal petition. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) ("Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."); *see Melchor*, 2020 WL 4558458, at *2 (setting forth reasons for the exhaustion requirement).

III. <u>Analysis</u>

Here, Petitioner's Section 2241 seeks relief from a perceived error in his sentencing credits. Petitioner does not identify any state remedies he has pursued to address his claim prior to filing his petition. In fact, Petitioner appears to contend that exhaustion is not needed. (*See* Doc. No. 1 at 2) (asserting that "the award of pretrial jail credits", unlike "claims 'relative to the calculation of sentencing credits'", need not be reviewed pursuant to the Uniform Administrative Procedures Act).

Because Petitioner has made no attempt to exhaust his administrative remedies, his Section 2241 will be dismissed without prejudice to his ability to refile upon exhaustion, if he so elects.

## III. CONCLUSION

For the reasons explained above, Petitioner's unsigned Motion to Withdraw his habeas petition (Doc. No. 16) is **DENIED**.

The Court finds that the petition should be dismissed because Petitioner has failed to exhaust all available state court remedies before filing the petition. Accordingly, Respondent's Motion to Dismiss (Doc. No. 14) is **GRANTED**, the petition is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or

provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the dismissal of this unexhausted petition, the Court **DENIES** a COA.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE